**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF IDAHO**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>JIMMIE R. ECKWORTZEL, et al.,<br><br>　　　　　　Defendants. | Case No. 08-cv-466-S-ELJ<br><br>**MEMORANDUM DECISION AND ORDER** |

　　Currently pending before the Court is the Governments's Motion for Default Against Jimmie R. Eckwortzel and Charity Eckwortzel (Docket No. 10) based on the Eckwortzel's failure to plead or otherwise defend against the Government's Complaint pursuant to Federal Rule of Civil Procedure 55(a). In the interest of avoiding delay and because the Court conclusively finds that the decisional process in this matter would not be aided by oral argument, and because the comprehensive nature of the record, the undersigned will address and resolve this Motion without a hearing and additionally vacates the previous Order Referring the Case to Magistrate Judge Larry M. Boyle (Docket No. 12). Having carefully reviewed the record and otherwise being fully advised, the Court enters the following Order.

**I. BACKGROUND**

　　The Government commenced this action on November 4, 2008. *Complaint* (Docket No. 1). Defendants Jimmie R. Eckwortzel and Charity Eckwortzel were served with process on November 12, 2008 (Docket No. 7). Defendants Jimmie Eckwortzel and Charity Eckwortzel ("Defendants") each responded by filing a "Notice of Non Acceptance of Offer." (Docket No. 5). The "Notice"

consists of a four page declaration, a certificate of service, a copy of the Summons with a handwritten signed statements saying that "I do not accept this offer; I do not consent to these proceedings; I do not consent to act as surety," and demands for Identification and Credentials Quo Warranto *Id*. On January 21, 2009, Defendants both filed a "Verified Notice of Non-Response with Stipulated Judgments." The "Verified Notice" consists of a two page declaration, a certificate of service, and copies of the Government's Initial Disclosures, Reply Memorandum in Support of Default, and the Court's Litigation Order, all with hand-written signed statements saying that "I do not accept this offer; I do not consent to these proceedings; I do not consent to act as surety." Both Jimmie and Charity Eckwortzel are proceeding pro se.

## II. DISCUSSION

Federal Rule of Civil Procedure 55(a) states as follows:

> When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default.

Fed. R. Civ. P. 55(a). For entry of default to be proper under Rule 55, the moving party has the burden of showing that: (1) the party against whom default is sought has been properly served; (2) that the Court has proper subject matter jurisdiction; and (3) that the defaulting party has failed to plead or otherwise defend. *See id*.

The Government personally served a copy of the Complaint and Summons on November 12, 2008.[1] The Court has subject matter jurisdiction pursuant to 26 U.S.C. §§ 7401–03. Finally, the Government contends that Defendants have failed to file any responsive documents. *Memorandum*

---

[1] Charity Eckwortzel was personally served and Jimmie Eckwortzel's service was properly left with his wife, Charity, at their home.

MEMORANDUM DECISION AND ORDER - 2

*in Support of Entry of Default*, p. 2 (Docket No. 9).  However, given Defendants' *pro se* status,[2] there is evidence in the record demonstrating that the Defendants may have arguably filed response pleadings to the Complaint.  Specifically, on December 30, 2008, Defendants made a special appearance "commanding" the Court to provide:

> (1) "foundational documents containing [Defendant's] valid signature that would mandate that [Defendant] contract with the Court to resolve this dispute;" (2) "a rule, law, statute, regulation, code or contract that . . . would obligate [Defendant] to accept the Court's offer to arbitrate this private dispute . . .;" (3) "evidence and the conclusions of law upon which the Court would base its legal determinations;" (4) "[the Clerk of the Court and Judge Lodge fill] out the attached ADMINISTRATIVE NOTICE AND DEMAND FOR IDENTIFICATION AND CREDENTIALS QUO WARRANTO . . .;" (5) "a certified copy of any copy of any contracts the court presumes to be in effect between [Defendants] and the Court;" (6) "evidence of a competent witness who is willing to swear . . . that he/she/they have been injured by [Defendant] with a proffer of evidence . . .;" (7) "[the identity] of the Real Party in Interest . . .;" and (8) "evidence from the record of the Plaintiff's standing to sue."

*Notice of Non-acceptance of offer of return of complaint*, p. 2 (Docket No. 11).  According to Defendants,"[s]hould the Court fail to respond to  or perform as commanded within 10 days," the Court must, among other things, "immediately close ths instant case with prejudice."  *Id*.

Defendants have been given the above requested and relevant information by the Government.  As to any irrelevant information requests, the Court finds the Defendants are not entitled to the information and/or the "command" is completely nonsensical.  Under Federal Rule of Civil Procedure 8(b), a party must "state in short and plain terms the party's defenses to each claim asserted and shall admit or deny the averments upon which the adverse party relies."  Fed. R. Civ. P. 8.  Under Rule

---

[2] The Court interprets pro se  defendants' pleadings less stringently than pleadings drafted by attorneys.  *See  United States v. Funds from Prudential Securities*, 362 F.Supp.2d 75, 82 (D.D.C.2005).  However, "the less stringent standards for pro se litigants does not allow them to simply disregard the applicable Local and Federal Rules of Civil Procedure or render the court the decision-maker of what claims a [litigant] may or may not want to assert."  *Id*.

MEMORANDUM DECISION AND ORDER - 3

8(d), averments in a complaint are admitted when not denied in a responsive pleading.  *Id*. Defendants made a special appearance, and filed "commands" apparently seeking to dismiss this matter in opposition to the Government's complaint.  Accordingly, the undersigned presumes that Defendants, although acting pro se, understand that they are required to address the Complaint by filing an answer or a motion.

The Government correctly points out that Defendants have never actually denied any of the claims in the Complaint.  Viewing every statement in Defendants' "Notice of non-acceptance of offer of return of complaint," and "Verified Notice of non-response with stipulated judgments" in the most lenient and favorable light possible, nothing in these "pleadings" can even be remotely construed as a denial of any of the claims brought against Defendants.  Accordingly, based upon the record before the Court, the undersigned finds Defendants have failed to "plead or otherwise defend" against the Government's Complaint.

Defendants' decision to proceed without counsel does not excuse their lack of responsive pleadings.  "Indeed, a litigant's *pro se* status does not vitiate his obligation to comply with the Federal Rules of Civil Procedure."  *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir.1994), *cert. denied*, 513 U.S. 1090, 115 S.Ct. 750, 130 L.Ed.2d 650 (1995).  Because defendants have not "plead or otherwise defend[ed]," entry of default is appropriate.

### III.  ORDER

NOW THEREFORE, IT IS HEREBY ORDERED that the Government's Motion for Entry of Default (Docket No. 10) is GRANTED based on Defendants Jimmie R. Eckwortzel and Charity Eckwortzel for failure to plead or otherwise defend.  Accordingly, pursuant to Federal Rule of Civil

Procedure 55(a), an Order of DEFAULT is hereby entered against Defendants Jimmie R. Eckwortzel and Charity Eckwortzel.

IT IS FURTHER ORDERED that the Government shall submit, within ten days, a proposed Default Judgment Order for the Court's signature that is consistent with the findings in this Memorandum Decision and Order.

DATED: **February 4, 2009**

Honorable Edward J. Lodge
U. S. District Judge

MEMORANDUM DECISION AND ORDER - 5